UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-345  (ECT/DLM)

UNITED STATES OF AMERICA,

               Plaintiff,

    v.

MICHAEL SALAS,

               Defendant.

**PLEA AGREEMENT AND
SENTENCING STIPULATIONS**

The United States of America and the defendant, Michael Salas, agree to resolve this case on the terms and conditions that follow.  This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota (hereinafter "the United States" or "the Government").  This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1.    **Charges**.  The defendant agrees to plead guilty to Count 1 of the Indictment, which charges the defendant with Production of Child Pornography, in violation of 18 U.S.C. §§ 2251(a) and (e).  The defendant fully understands the nature and elements of the crime with which he has been charged.  Upon imposition of sentence, if there are remaining counts, the government agrees to move to dismiss those remaining charges against the defendant contained in the Indictment.

1

2.      **Factual Basis**.  The defendant is pleading guilty because he is in fact guilty of Count 1 of the Indictment.  In pleading guilty, the defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

From on or about February 2025, until on or about July 2025, in the State and District of Minnesota and elsewhere, Defendant Michael Salas produced child pornography of a minor female victim – Minor Victim A – using cellphone and social media text messaging applications. At all times relevant to this plea agreement, and the charged Indictment, Salas knew Minor Victim A was under the age of twelve (12).

Salas primarily used Instagram account "unc2948" to communicate with Minor Victim A between February and April 2025. There were approximately 216 images located in Salas's Instagram warrant return, with the majority being an image of Minor Victim A or screenshots of content that relate to Minor Victim A.  There were also approximately 47 videos, including one video of Minor Victim A pulling her shorts down and displaying her vagina to the camera. Salas asked Minor Victim A several times for sexually explicit videos and images of herself throughout their conversations. Salas also sent several messages to Minor Victim A describing sexual acts he wanted to do with her. When Minor Victim A would not reply or took too long to reply, Salas repeatedly threatened to report her to NCMEC or CPS and coerced her into complying with his requests.

Salas also used Snapchat account "badboyjohn2025" to communicate with Minor Victim A between March and July 2025. The conversations included

2

approximately 683 messages. When Minor Victim A did not respond, Salas would send messages like, "I never thought that I will get up and be crying so early in the morning like literally fucking tears for somebody hundreds of miles away." Salas also initiated sexually explicit conversations with Minor Victim A and sent her photos of his erect penis.

Approximately 23 files were located on the Snapchat account "badboyjohn2025" of Minor Victim A digitally penetrating herself over a Snapchat video call with Salas. Salas had taken "screenshots" of the live call, stored these screenshots, and later sent them to Minor Victim A. These images were created on **May 25, 2025**. There were also three images depicting a close-up photograph of Minor Victim A's vagina that were saved by "badboyjohn2025" on April 28, 2025, and April 29, 2025.

In a different conversation, Salas writes, "so no new videos." Minor Victim A replies a few days later, "I will send." Minor Victim A then sent a 45 second video of herself wearing a white tank top and nude from the waist down. She then turns around, bends over, and displays her vagina and anus to the camera. Minor Victim A then twerks for approximately 30 seconds before turning around and ending the video. Salas replied, "custom one." Salas continued to request videos, including "a close up of the pink and you fingering" and videos of Minor Victim A "using anything to masturbate."

Throughout Salas's interactions with Minor Victim A, Salas demonstrated that he knew Minor Victim A 's full and true identity, her age, the identities of her family,

her and her grandmother's home addresses, where Minor Victim A attended school, and indicated in at least one instance a desire to travel to Minnesota to meet with Minor Victim A. Altogether, Salas's various social media accounts contained approximately 85 CSAM photos and 31 CSAM videos that he enticed, manipulated, and coerced Minor Victim A to send him.

Based on these actions, Salas stipulates and agrees that Minor Victim A was under the age of twelve (12) years; Salas knowingly used Minor Victim A to engage in sexually explicit conduct; Salas acted with the purpose of producing a visual depiction of the conduct; Salas knew and had reason to know that the visual depiction would be transported in and affected interstate and foreign commerce; and the visual depictions with the file names unified_message_1163980858050047.mp4 and PART_1741572596864.mp4 are videos depicting Minor Victim A engaging in sexually explicit conduct at Salas's direction.

3.     **Waiver of Pretrial Motions**. The defendant understands and agrees that the defendant has certain rights to file pre-trial motions.  As part of this plea agreement and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to have any pending motions resolved and to file any additional pre-trial motions in this case.  The defendant agrees that, by pleading guilty, he is withdrawing any motions previously filed.

4

4.     **Waiver of Constitutional Trial Rights.** The defendant understands that he has the right to go to trial.  At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination.  The defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him.  The defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial.  By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel.  The defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

5.     **Additional Consequences.** The defendant understands that as a result of this conviction, the defendant could experience additional collateral consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office. If the defendant is not a United States citizen, as a result of a plea of guilty, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant has discussed with his attorney the punishments and consequences of pleading

guilty, understands that not all of the consequences can be predicted or foreseen, and still wants to plead guilty in this case.

6. **Sex Offender Registration.** The defendant understands that by pleading guilty, he will likely be required to register as a sex offender upon his release from prison as a condition of his supervised release pursuant to 18 U.S.C. § 3583(d). The defendant also understands that independent of supervised release, he may be subject to federal, state, and tribal sex-offender registration requirements and that those requirements may apply throughout his life. *See* 18 U.S.C. § 2250, 34 U.S.C. § 20901.

7. **Statutory Penalties**. The defendant understands that Count 1 of the Indictment, charging Production of Child Pornography in violation of 18 U.S.C. §§ 2251(a) and 2251(e) is a felony offense that carries the following statutory penalties:

      a.     a mandatory minimum of 15 years in prison;

      b.     a maximum of 30 years in prison;

      c.     a supervised release term of at least 5 years, up to a maximum supervised release term of life;

      d.     a maximum fine of $250,000;

      e.     payment of mandatory restitution in an amount to be determined by the Court;

      f.     a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A);

      g.     a mandatory payment of $5,000 to the Domestic Trafficking Victim's Fund if the defendant is found not to be indigent, pursuant to 18 U.S.C. § 3014; and

6

h.    an assessment, pursuant to 18 U.S.C. § 2259A(a)(3) of not more than $50,000, depending on the defendant's ability to pay.

8.    **Guidelines Calculations**.    The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq.*  Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing.  The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence.  The parties stipulate to the following guidelines calculations:

a.    Base Offense Level.  The parties agree that the base offense level is **32**.  U.S.S.G. § 2G2.1(a).

b.    Specific Offense Characteristics.  The parties agree that the offense level should **be increased by 4 levels** because the offense involved a minor victim under the age of 12.  U.S.S.G. § 2G2.1(b)(1)(A).  The parties further agree that the offense level should be **increased by 2 levels** because the offense involved use of a computer and fake identity.  U.S.S.G. § 2G2.1(b)(6).

Sexual Contact:  The government believes that the offense level should **be increased by 2 levels** because the offense involved commission of a sexual act or sexual contact.  U.S.S.G. § 2G2.1(b)(2)(A).  The defendant, however, is not stipulating to this adjustment and reserves the right to contest the application of this adjustment at sentencing.

Sado-Masochistic Conduct:  The government believes that the offense level should **be increased by 4 levels** because the offense involved material that portrays sadistic or masochistic conduct.  U.S.S.G. § 2G2.1(b)(4)(A).  The defendant, however, is not stipulating to this adjustment and reserves the right to contest the application of this adjustment at sentencing.

c.    Chapter 3 Adjustments.  The parties agree that, other than acceptance of responsibility, no other Chapter 3 adjustments apply.

d.     <u>Acceptance of Responsibility</u>. The government agrees to recommend that the defendant receive a 2-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). As the defendant has timely notified the government of the defendant's intention to enter a plea of guilty, the government agrees to recommend that the defendant receive an additional 1-level reduction pursuant to U.S.S.G. § 3E1.1(b). Whether these reductions will be imposed shall be determined by the Court in its discretion. However, the defendant understands and agrees that the government's recommendations are conditioned upon the following: (1) the defendant testifies truthfully during the change of plea and sentencing hearings; (2) the defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing.

Nothing in this agreement limits the right of the government, pursuant to U.S.S.G. § 3E1.1 and/or § 3C1.1 to seek denial of a reduction for acceptance of responsibility or an adjustment for obstruction of justice should the defendant engage in any conduct inconsistent with acceptance of responsibility.

e.     <u>Criminal History Category</u>. The parties believe that, at the time of sentencing, the defendant will fall into Criminal History Category **I**. U.S.S.G. § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within his criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

8

      f.      <u>Guidelines Range</u>.

If the adjusted offense level is **35**, and the criminal history category is **I**, the Sentencing Guidelines range is **168-210 months of imprisonment**.

If the adjusted offense level is **41**, and the criminal history category is **I**, the Sentencing Guidelines range is **324-405 months of imprisonment**.

The defendant understands that, regardless of the Guidelines range, the statutory mandatory minimum sentence in this matter is **15 years (180 months) of imprisonment**.

      g.      <u>Fine Range</u>.

If the adjusted offense level is 35, the Sentencing Guidelines fine range is $40,000 – $400,000. U.S.S.G. § 5E1.2(c)(3).

If the adjusted offense level is 41, the Sentencing Guidelines fine range is $50,000 – $500,000. U.S.S.G. § 5E1.2(c)(3).

The defendant understands that regardless of the Sentencing Guidelines fine range, the statutory maximum fine is $250,000.

      h.      <u>Supervised Release</u>. The Sentencing Guidelines supervised-release range is 5 years to life. U.S.S.G. § 5D1.2(b).

9.      **Revocation of Supervised Release**. The defendant understands that if the defendant were to violate any supervised release condition while on supervised release, the Court could revoke the defendant's supervised release, and the defendant could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). *See* U.S.S.G. §§ 7B1.4, 7B1.5. The defendant also understands that as part of any revocation, the Court may include a requirement that the defendant be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

10. **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and that their application is a matter that falls solely within the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also vary and/or depart from the applicable Guidelines range. If the Court determines that the applicable guideline calculations or the defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

11. **Agreements as to Sentencing Recommendation**. The parties are free to recommend whatever sentence they deem appropriate. The parties reserve the right to make motions for departures under the Sentencing Guidelines or for variances pursuant to 18 U.S.C. § 3553(a) and to oppose any such motions made by the opposing party. If the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw his guilty plea.

12. **Special Assessments**. The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted, pursuant to U.S.S.G. § 5E1.3. The defendant agrees to pay the special assessment. The defendant also understands that because the defendant is pleading guilty to production of child pornography, the Court may order an additional assessment of up $50,000, pursuant to 18 U.S.C. § 2259A(a)(3).

13.     **Restitution Agreement**. The defendant understands and agrees that 18 U.S.C. § 2259 and 18 U.S.C. § 3663A (the Mandatory Victims Restitution Act), apply and that the Court is required to order the defendant to make restitution to the victim of the defendant's offense. Additionally, pursuant to 18 U.S.C. § 3663(a)(3) and 18 U.S.C. § 3663A(a)(3), the defendant agrees to pay restitution to any individual whose child pornography image or video he possessed, distributed, received, trafficked, or produced, as determined in the course of the investigation or by the National Center for Missing and Exploited Children (NCMEC). The parties agree that the amount of restitution owed will be determined using 18 U.S.C. § 2259 to reflect the full amount of victim losses. Absent an agreement with counsel for the victim and the United States that he will pay a greater amount, the defendant agrees to pay at least $3,000, in restitution to the victim in this case. The defendant understands that the Court may order additional restitution if additional victim losses are identified at the time of sentencing.

The defendant agrees that restitution shall be due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

Additionally, the defendant understands and agrees that the Court may order the defendant to make restitution to any victims of his offense, regardless of whether

the victim was named in the Indictment or included in the count of conviction. The parties will attempt to reach an agreement on restitution before sentencing. If the parties cannot reach an agreement as to restitution at least 14 days before sentencing, the Government will request that an evidentiary hearing be held at the time of sentencing.

14. **Disclosure of Assets.** The defendant will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which the defendant has any right, title, or interest, or over which the defendant exercises control, directly or indirectly, including those assets held by a spouse, nominee or other third party, or any business owned or controlled by the defendant. The defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of restitution, fines, and forfeiture ordered by the Court. The defendant agrees to complete a financial statement within two weeks of the entry of his guilty plea. The defendant further agrees to execute any releases that may be necessary for the United States to obtain information concerning the defendant's assets and expressly authorizes the United States to obtain a credit report on the defendant to evaluate the defendant's ability to satisfy financial obligations imposed by the Court. If requested by the United States, the defendant agrees to submit to one or more asset interviews or depositions under oath.

15.    **Forfeiture.**  The defendant agrees to forfeit the following property to the United States, pursuant to 18 U.S.C. § 2253:

    a.    any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Chapter 110, United States Code, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110, United States Code;

    b.    any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

    c.    any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

The defendant agrees that the property subject to forfeiture includes but is not limited to an (1) an Apple iPhone with IMEI: 350401982962330 and (2) an Apple iPhone A178A.

The defendant agrees that this item is subject to forfeiture because it was used to commit Count One of the Indictment.  The Government reserves the right to seek forfeiture of substitute assets and to forfeit additional directly forfeitable property. The defendant waives any right to the return of any digital data contained on the electronic device that is subject to forfeiture.

The defendant agrees that the Government may, at its option, forfeit such property through civil, criminal, or administrative proceedings, waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any interest he may have in the property.  The defendant waives all statutory and constitutional defenses to the forfeiture and waives any right to contest or challenge

(including direct appeal, habeas corpus, or any other means) such forfeiture on any grounds. To the extent the defendant has sought remission or otherwise challenged the forfeiture of the above-described property, he withdraws any such challenges.

16. **Waivers of Appeal and Collateral Attack**. The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes but is not limited to the defendant's waiver of the right to appeal guilt or innocence, any issues relating to the change-of-plea proceedings, the sentence imposed, the Guidelines calculations, any restitution obligations, and the constitutionality of the statutes to which the defendant is pleading guilty. The parties agree, however, that excluded from this waiver is an appeal by defendant of the substantive reasonableness of a term of imprisonment above 262 months' imprisonment.

The defendant also waives the right to collaterally attack his conviction and sentence under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel. This collateral-review waiver does not operate to waive a collateral challenge under 28 U.S.C. § 2255 based on new legal principles enunciated in Supreme Court case law decided after the date of this Plea Agreement that are both substantive and have retroactive effect. For purposes of this provision, legal principles that are substantive and retroactive are those that narrow the reach of the offense of conviction and render the defendant's conduct non-criminal or that render the sentence imposed illegal.

The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

The United States agrees to waive its right to appeal any sentence except the government may appeal the substantive reasonableness of a term of imprisonment below 180 months' imprisonment.

17.    **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

18.    **Complete Agreement**.   This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the defendant.  By signing this plea agreement, the defendant acknowledges: (a) that the defendant has read the entire agreement and has reviewed every part of it with the defendant's counsel; (b) that the defendant fully understands this plea agreement; (c) that no promises, agreements, understandings, or conditions have been made or entered into in connection with his decision to plead guilty, except those set forth in this plea agreement; (d) that the defendant is satisfied with the legal services and representation provided by defense counsel in connection with this plea agreement and matters related to it; (e) that the defendant has entered into this plea agreement freely, voluntarily, and knowingly; and (f) that the defendant's

15

decision to plead guilty in accord with the terms and conditions of this plea agreement

is made of the defendant's own free will.

DANIEL A. ROSEN
United States Attorney

Date: 2/11/2026

BY:   Albania Concepcion
      Assistant United States Attorney

Date: 2/11/2026

Michael Salas
Defendant

Date: 2/11/2026

Lee Johnson
Counsel for Defendant

16