UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CRIMINAL NO 25-345 (ECT/DLM)

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **DEFENDANT'S POSITION ON SENTENCING FACTORS** |
| | ) | |
| **MICHAEL SALAS** | ) | |
| | ) | |
| **Defendant** | ) | |

## INTRODUCTION

Defendant Michael Salas, through his undersigned attorney, submits this Position on Sentencing Factors.

## POSITION ON SENTENCING FACTORS

The sentencing analysis begins with consideration of the applicable sentencing guideline provisions. *Gall v. United States*, 552 U.S. 38, 49 (2007). "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Id*. In doing this, a sentencing court must keep in mind that "[t]he Guidelines are not only *not mandatory* on sentencing courts; they are also not to be *presumed* reasonable." *Nelson v. United States*, 555 U.S. 350, 352 (2009) (emphasis in the original.)

**A. <u>The Parties' Advisory Guidelines Calculations</u>.**

Under the plea agreement Mr. Salas's advisory guidelines range could be as low as 180 to 210 months or as high as 325 to 405 months. (Plea Agreement, ECF No. 33, ¶8f.) Both the Government and Mr. Salas agreed that he fell within criminal history category I. (Id., ¶8e.) The Government's range of between 325 to 405 months contemplated an adjusted offense level of 41, based on: (a) a base offense level of 32; (b) a 4-level enhancement applies because the minor victim was under the age of 12 (USSG §2G2.1(b)(1)(A)); (c) a 2-level enhancement applies because the offense involved the use of a computer (2G21(b)(6)); (d) a 2-level enhancement applies because the offense involved the commission of a sexual act or sexual contact (§2G2.1(b)(2)(A)); (e) a 4-level enhancement because the offense involved material that portrays sadistic or masochistic conduct. (§2G2.1 (b)(4)(A)); and f) a three-level reduction for acceptance of responsibility. (Plea Agreement ¶8a-e; see PSR ¶2.)

Mr. Salas opposed, and reserved the right to object to the sexual contact and sado-masochistic conduct enhancements. (Id., ¶8b, 8f.) Mr. Salas' position was that his adjusted offense level should be 35 with a resulting advisory guidelines range of 180 to 210 months. (Id.)

**B. <u>The Presentence Report ("PSR") Guideline Calculations</u>.**

The Presentence Report ("PSR") calculated the applicable advisory

guidelines range at between 292 to 360 months. (See PSR ¶¶78.) The PSR agreed with Mr. Salas that the enhancements for sexual contact and sadistic/masochistic conduct did not apply. (See PSR ¶¶28, 29, 86.) The PSR did, however, apply a five-level Repeat and Dangerous Sex Offender enhancement pursuant to §4B1.5(b). (See PSR ¶¶ 35, 86.) The PSR calculated Mr. Salas' adjusted offense level at 40, which with criminal history category I, resulted in an advisory guidelines range of between 292 and 360 months. (Id. ¶78.)

**C. <u>Objections.</u>**

Neither Mr. Salas nor the Government objected to the PSR's advisory Guidelines Calculations. (See PSR at A.1; See ECF No. 38 (Mr. Salas); ECF No. 35 (The Government.))

## REQUESTED SENTENCE

Mr. Salas respectfully requests, for the reasons stated in his Sentencing Memorandum/Motion for Downward Variance accompanying this position pleading, that the Court impose the mandatory minimum 180-month term of imprisonment.

Dated: August 11, 2026.

**JOHNSON & GREENBERG, PLLP**

s/Lee R. Johnson______
Lee R. Johnson #189935
5775 Wayzata Boulevard
Suite 700
St. Louis Park, MN 55416
(952) 545-1621

Attorney for Defendant
Michael Salas